1  LARIVIERE, GRUBMAN & PAYNE, LLP
2  Robert W. Payne, Esq. (Bar No. 073901)
   Email: rpayne@lgpatlaw.com
3  Scott J. Allen, Esq. (Bar No. 178925)
   Email: sallen@lgpatlaw.com
4  Christopher J. Passarelli (Bar No. 241174
   Email: cpassarelli@lgpatlaw.com
5  Post Office Box 3140
   19 Upper Ragsdale Drive
6  Monterey, CA  93942-3140
7  Telephone: (831) 649-8800
   Facsimile: (831) 649-8835
8
   Attorneys for Plaintiff,
9  MIS SCIENCES CORPORATION

10
               IN THE UNITED STATES DISTRICT COURT
11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  MIS SCIENCES CORPORATION,            )  **Case No.**
                                         )
14            Plaintiff,                 )  **COMPLAINT FOR DECLARATORY**
    vs.                                  )  **JUDGMENT OF PATENT, NON-**
15                                       )  **INFRINGEMENT AND INVALIDITY**
    RPOST HOLDINGS, INC., RPOST          )
16  COMMUNICATIONS LIMITED, RPOST        )  **JURY DEMAND**
    INTERNATIONAL LIMITED and RMAIL      )
17  LIMITED,                             )
                                         )
18            Defendants.                )
                                         )
19                                       )
20

21        Plaintiff MIS Sciences ("MIS Sciences") hereby pleads the following claims for

22  Declaratory Judgment against Defendants RPost Holdings, Inc. ("RPost Holdings"), RPost

23  Communications Limited ("RPost Communications"), RPost International Limited ("RPost

24  International") and RMail Limited ("RMail") (collectively, "RPost"), and alleges as follows:

25                          **NATURE OF THE ACTION**

26        1.      This action is based on the patent laws of the United States, Title 35 of the United

27  States Code. RPost has alleged infringement of one or more claims of U.S. Patent Nos.

28

8,224,913 ("the '913 patent"), 8,209,389 ("the '389 patent") and 8,468,199 ("the '199 patent"), 8,161,104 ("the '104 patent"), 8,468,198 ("the '198")(collectively, the "Patents-in-Suit") based on certain alleged ongoing activity by MIS Sciences. MIS Sciences contends that it does not engage (and has not engaged) in the alleged ongoing activity, and, even if it is found to engage (or has engaged) in such activity, MIS Sciences has and/or had the right to engage in the accused activity without license to any of the Patents-in-Suit. MIS Sciences thus seeks a declaration that it does not infringe the Patents-in-Suit and that the asserted claims of the Patents-in-Suit are invalid.

## PARTIES

2.      Plaintiff MIS Sciences is a California corporation having its principal place of business in the United States in Burbank, California. MIS Sciences provides products and/or services to customers located in this district.

3.      According to the records of the California Secretary of State, Defendant RPost Holdings is a corporation organized under the laws of the State of Delaware that is registered to conduct, and does conduct, business in California and has designated its principal office in California as 6033 W. Century Blvd., Suite 1278, Los Angeles CA 90045-6422. On information and belief, RPost Holdings regularly engaged in business within this district, including but not limited to offering to sell and/or selling services to customers within this district and in mailing cease and desist letters regarding the Patents-in-Suit to companies located in this district.

4.      On information and belief, Defendant RPost Communications is a corporation organized under the laws of the Nation of Bermuda.

5.      On information and belief, Defendant RPost International is a corporation organized under the laws of the Nation of Bermuda.

6.      On information and belief, Defendant RMail is a corporation organized under the laws of the Nation of Bermuda.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURISDICTION AND VENUE

7.      This is a civil action regarding allegations of patent infringement and patent invalidity arising under the patent laws of the United States, Title 35 of the United States Code, in which MIS Sciences seeks declaratory relief under the Declaratory Judgment Act. Thus, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

8.      An actual, justiciable controversy exists between MIS Sciences (on the one hand) and RPost (on the other) by virtue of RPost's allegations that MIS Sciences infringes one or more claims of the Patents-in-Suit by offering products and services, namely electronic message/email marketing, campaign, marketing automation, link tracking and message delivery/failure/opening reports.  Attached hereto as Exhibits A and B, respectively, are letters that RPost sent to MIS Sciences accusing MIS Sciences of infringing one or more claims of the Patents-in-Suit.

9.      MIS Sciences contends that it does not (and has not) engaged in the alleged infringing activity, and, even if it does or has engaged in such activity, that MIS Sciences has a right to do so without license from RPost.

10.     The Court has personal jurisdiction over RPost because RPost has conducted substantial business in (and has substantial contact with) the Northern District of California. Among other things, RPost has sent letters to alleged infringing companies and their counsel in this District (and to MIS Sciences' counsel located in this district) accusing them of infringing the Patents-in-Suit.  On information and belief, RPost also has accused others in this District of infringement, and negotiated and entered into agreements with others who reside in this District. On further information and belief, RPost and/or its affiliated companies also market, offer for sale and sell products in this District. *See, e.g.,* www.rpost.com.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that a RPost is subject to personal jurisdiction in this judicial district.

MIS SCIENCES CORPORATION v. RPOST HOLDINGS, INC., et al
Complaint

1

2

3

## INTRADISTRICT ASSIGNMENT

12.     This is an Intellectna1 Property Action subject to district-wide assignment under Local Rule 3-2(c).

## FACTUAL BACKGROUND

13.     On June 18, 2013, the United States Patent and Trademark Office ("PTO") issued the '198 patent entitled "System And Method For Verifying Delivery And Integrity Of Electronic Messages." The '198 patent states on its face that it was assigned to RPost International Ltd. A true and correct copy of the '198 patent is attached to this Complaint as Exhibit C.

14.     On July 17, 2012, the PTO issued the '913 patent entitled "System And Method For Verifying Delivery And Integrity Of Electronic Messages." The '913 patent states on its face that it was assigned to RPost Communications. A true and correct copy of the '913 patent is attached to this Complaint as Exhibit D.

15.     On June 26, 2012, the PTO issued the '389 patent entitled "System And Method For Verifying Delivery And Integrity Of Electronic Messages." The '389 patent states on its face that it was assigned to RPost Communications. A true and correct copy of the '389 patent is attached to this Complaint as Exhibit E.

16.     On June 18, 2013, the PTO issued the '199 patent entitled "System And Method For Verifying Delivery And Integrity Of Electronic Messages." The '199 patent states on its face that it was assigned to RPost International.  A true and correct copy of the ' 199 patent is attached to this Complaint as Exhibit F.

17.     On April 17, 2012, the PTO issued the '104 patent entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages."  The '104 patent states on its face that it was assigned to RPost International Limited.  A true and correct copy of the '104 patent is attached to this Complaint as Exhibit G.

18.     On information and belief, RPost Communications asserts that it has right, title, and/or interest in one or more of the Patents-in-Suit.

MIS SCIENCES CORPORATION v. RPOST HOLDINGS, INC., et al
Complaint

19.     On information and belief, RPost International asserts that it has right, title, and/or interest in one or more of the Patents-in-Suit.

20.     On information and belief, RPost Holdings asserts that has right, title, and/or interest in one or more of the Patents-in-Suit.

21.     On October 30, 2013, Ray Owens of RPost sent a letter to Lauren Ross, President of MIS Sciences, with the Re: line "Claim Charts per Patent Infringement Notice." The October 30 letter alleges that "MIS Sciences Corporation is offering products and services, namely electronic message / email marketing, campaign, marketing automation, link tracking and message delivery/failure/opening reports [that] may infringe certain patents owned by RPost. . . . [W]e have performed our own analysis and believe that you are offering infringing products and services." Exhibit A at 1.

22.     RPost's October 30 letter further includes as attachments "claim charts identifying selected claims of certain patents and your infringing conduct."  Exhibit A at 2-5. The letter also names a number of other RPost patents. *ld.*

23.     On January 22, 2014, Ray Owens of RPost sent an email with attachment, to Robert Payne, legal counsel for MIS, with the subject line "Registered: RPost Patent Notice - Final Letter - Cease & Desist."  That email states, in pertinent part:  "We request that your client immediately cease and desist from making/manufacturing, using, and/or offering for sale RPost's patented technology. We request that your client immediately cease and desist from all infringement, whether direct or indirect, of RPost patents. [¶]  We have noted for our records that despite our courteous outreach to you as discussed in this and previous letters, you have refused to cease and desist from your infringement of RPost patents identified in the previous letters. Your continued use of RPost technology without permission from RPost is willful, and is causing RPost irreparable harm."  A true and correct copy of that email is attached to this Complaint as Exhibit B.

MIS SCIENCES CORPORATION v. RPOST HOLDINGS, INC., et al
Complaint

1

2

3

4

5

6

24.      MIS Sciences does not infringe the Patents-in-Suit. Additionally, the Patents-in-Suit are invalid. Accordingly, an actual and justiciable controversy exists between MIS Sciences and RPost as to whether MIS Sciences  infringes any valid claim of the Patents-in-Suit.  Absent a declaration of non-infringement and/or invalidity, RPost will continue to wrongly assert the Patents-in-Suit against MIS , and thereby cause MIS  irreparable harm.

## COUNT I

### (Declaratory Relief Regarding Noninfringement of '198 patent)

7

8

9

10

25.      MIS Sciences restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 24 above, as though fully set forth herein.

11

12

26.      RPost contends that MIS Sciences has or is infringing one or more claims of the '198 patent.

13

14

15

27.      On information and belief, RPost claims to be the owner of all right, title and interest in the '198 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

16

17

18

28.      MIS Sciences does not infringe any claim of the '198 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of MIS 's products or services.

19

20

29.      As set forth above, an actual and justiciable controversy exists between MIS Sciences and RPost as to MIS Sciences' noninfringement of the '198 patent.

21

22

23

30.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* MIS  requests that this Court enter a judgment that MIS  does not infringe, under any theory of infringement, any valid claim of the '198 patent.

24

## COUNT II

### (Declaratory Relief Regarding Invalidity of the '198 patent)

25

26

27

31.      MIS Sciences restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 30 above, as though fully set forth herein.

28

MIS SCIENCES CORPORATION v. RPOST HOLDINGS, INC., et al
Complaint

32.     Upon information and belief, RPost contends that the '198 patent is valid.

33.     The claims of the '198 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

34.     As set forth above, an actual and justiciable controversy exists between MIS Sciences and RPost as to whether the claims of the '198 patent are invalid.

35.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* MIS Sciences requests that this Court enter a judgment that the claims of the ' 628 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT III

### (Declaratory Relief Regarding Noninfringement of '913 patent)

36.     MIS Sciences restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 35 above, as though fully set forth herein.

37.     RPost contends that MIS Sciences has or is infringing one or more claims of the '913 patent.

38.     On information and belief, RPost claims to be the owner of all right, title and interest in the '913 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

39.     MIS Sciences does not infringe any claim of the '913 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of MIS Sciences' products or services.

40.     As set forth above, an actual and justiciable controversy exists between MIS Sciences and RPost as to MIS Sciences' noninfringement of the '913 patent.

MIS SCIENCES CORPORATION v. RPOST HOLDINGS, INC., et al
Complaint

7

41.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,*
MIS  requests that this Court enter a judgment that MIS  does not infringe, under any theory of
infringement, any valid claim of the '913 patent.

## COUNT IV

### (Declaratory Relief Regarding Invalidity of the '913 patent)

42.     MIS Sciences  restates and incorporates by reference each ofthe allegations set
forth in paragraphs 1 through 41 above, as though set forth herein.

43.     Upon information and belief, RPost contends that the '913 patent is valid.

45.     The claims of the '913 patent are invalid for failure to comply with one or more of
the conditions for patentability set forth in Title 35 of the United States Code, including without
limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

45.     As set forth above, an actual and justiciable controversy exists between MIS
Sciences and RPost as to whether the claims of the '913 patent are invalid.

46.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,*
MIS Sciences  requests that this Court enter a judgment that the claims of the '913 patent are
invalid pursuant to Title 35 ofthe United States Code, including without limitation 35 U.S.C. §§
101, 102, 103, and/or 112.

## COUNT V

### (Declaratory Relief Regarding Noninfringement of the '389 patent)

47.     MIS Sciences restates and incorporates by reference each of the allegations set
forth in paragraphs 1 through 46 above, as willfully set forth herein.

48.     RPost contends that MIS Sciences has or is infringing one or more claims of the
'389 patent.

49.     On information and belief, RPost claims to be the owner of all right, title and
interest in the '389 patent, including the right to assert all causes of action arising under that
patent and the right to any remedies for infringement of it.

MIS SCIENCES CORPORATION v. RPOST HOLDINGS, INC., et al
Complaint

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

50.     MIS Sciences does not infringe any claim of the '389 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of MIS Sciences' products or services.

51.     As set forth above, an actual and justiciable controversy exists between MIS Sciences and RPost as to MIS Sciences' noninfringement of the '389 patent.

52.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* MIS Sciences requests that this Court enter a judgment that MIS Sciences does not infringe, under any theory of infringement, any valid claim of the '389 patent.

## COUNT VI

### (Declaratory Relief Regarding Invalidity of '389 patent)

53.     MIS Sciences restates and incorporates by reference each ofthe allegations set forth in paragraphs 1 through 52 above, as if fully set forth herein.

54.     Upon information and belief, RPost contends that the '389 patent is valid.

55.     The claims of the '389 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

56.     As set forth above, an actual and justiciable controversy exists between MIS Sciences and RPost as to whether the claims of the '389 patent are invalid.

57.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* MIS Sciences requests that this Court enter a judgment that the claims of the '389 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT VII

### (Declaratory Relief Regarding Noninfringement of '199 patent)

58.     MIS Sciences restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 57 above, as if fully set forth herein.

MIS SCIENCES CORPORATION v. RPOST HOLDINGS, INC., et al
Complaint

59.     RPost contends that MIS Sciences has or is infringing one or more claims of the '199 patent.

60.     On information and belief, RPost claims to be the owner of all right, title and interest in the '199 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

61.     MIS Sciences does not infringe any claim of the '199 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of MIS Sciences' products or services.

62.     As set forth above, an actual and justiciable controversy exists between MIS Sciences and RPost as to MIS Sciences' noninfringement of the '199 patent.

63.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* MIS Sciences requests that this Court enter a judgment that MIS Sciences does not infringe, under any theory of infringement, any valid claim of the '199 patent.

## COUNT VIII

### (Declaratory Relief Regarding Invalidity of '199 patent)

64.     MIS Sciences restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 63 above, as more fully set forth herein.

65.     Upon information and belief, RPost contends that the '199 patent is valid.

66.     The claims of the '199 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

67.     As set forth above, an actual and justiciable controversy exists between MIS Sciences and RPost as to whether the claims of the '199 patent are invalid.

68.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* MIS Sciences requests that this Court enter a judgment that the claims of the '199 patent are

MIS SCIENCES CORPORATION v. RPOST HOLDINGS, INC., et al
Complaint

invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT IX

### (Declaratory Relief Regarding Noninfringement of '104 patent)

69. MIS Sciences restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 68 above, as if fully set forth herein.

70.     RPost contends that MIS Sciences has or is infringing one or more claims of the '104 patent.

71.     On information and belief, RPost claims to be the owner of all right, title and interest in the '104 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

72.     MIS Sciences does not infringe any claim of the '104 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of MIS Sciences' products or services.

73.     As set forth above, an actual and justiciable controversy exists between MIS Sciences and RPost as to MIS Sciences' noninfringement of the '104 patent.

74.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* MIS Sciences  requests that this Court enter a judgment that MIS Sciences  does not infringe, under any theory of infringement, any valid claim of the '104 patent.

## COUNT X

### (Declaratory Relief Regarding Invalidity of '104 patent)

75.     MIS Sciences restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 74 above, as more fully set forth herein.

76.     Upon information and belief, RPost contends that the '104 patent is valid.

MIS SCIENCES CORPORATION v. RPOST HOLDINGS, INC., et al
Complaint

77.     The claims of the '104 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

78.     As set forth above, an actual and justiciable controversy exists between MIS Sciences and RPost as to whether the claims of the '104 patent are invalid.

79.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* MIS Sciences requests that this Court enter a judgment that the claims of the '104 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT XI

### (Declaratory Relief Regarding Noninfringement of '198 patent)

80.     MIS Sciences restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 79 above, as if fully set forth herein.

81.     RPost contends that MIS Sciences has or is infringing one or more claims of the '198 patent.

82.     On information and belief, RPost claims to be the owner of all right, title and interest in the '198 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

83.     MIS Sciences does not infringe any claim of the '198 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of MIS Sciences' products or services.

84.     As set forth above, an actual and justiciable controversy exists between MIS Sciences and RPost as to MIS Sciences' noninfringement of the '198 patent.

85.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* MIS Sciences requests that this Court enter a judgment that MIS Sciences does not infringe, under any theory of infringement, any valid claim of the '198 patent.

1

2

### COUNT XII

### (Declaratory Relief Regarding Invalidity of '198 patent)

86.    MIS Sciences restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 85 above, as more fully set forth herein.

87.    Upon information and belief, RPost contends that the '198 patent is valid.

88.    The claims of the '198 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

89.    As set forth above, an actual and justiciable controversy exists between MIS Sciences and RPost as to whether the claims of the '198 patent are invalid.

90.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* MIS Sciences  requests that this Court enter a judgment that the claims of the '198 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

### REQUEST FOR RELIEF

WHEREFORE, MIS Sciences respectfully prays for judgment in favor of MIS Sciences and against RPost, as follows:

A.    For a judicial determination and declaration that MIS Sciences has not infringed and is not infringing, directly or indirectly, any claim of the Patents-in-Suit;

B.    For a judicial determination and declaration that each claim of the Patents-in-Suit is invalid;

C.    For injunctive relief against RPost, and all persons acting on its behalf or in concert with it, restraining them from further prosecuting or instituting any action against MIS Sciences or MIS Sciences' customers claiming that the Patents-in-Suit are valid or infringed, or for representing that MIS Sciences' products or services, or that others' use thereof, infringe the Patents-in-Suit;

MIS SCIENCES CORPORATION v. RPOST HOLDINGS, INC., et al
Complaint

13

1

2

     D.      For a declaration that this case is exceptional under 35 U.S.C. § 285 and for

3

an award of attorneys' fees and costs in this action; and

4

     E.      For such other and further relief as this Court may deem just and proper.

5

6

**DEMAND FOR JURY TRIAL**

7

8

     Pursuant to Fed. R. Civ. P. 38 and Civil L.R. 3-6, Plaintiff MIS Sciences Corporation

9

demands a jury trial on all issues triable to a jury.

10

11

                                    Respectfully submitted,

12

Dated: January 24, 2014              LARIVIERE, GRUBMAN & PAYNE, LLP

13

                                  By: /s/ Scott J. Allen

14

                                     Robert W. Payne
                                     Scott J. Allen

15

                                     Christopher J. Passarelli

16

                                     Attorneys for Plaintiff,

17

                                     MIS SCIENCES CORPORATION

18

19

20

21

22

23

24

25

26

27

28

MIS SCIENCES CORPORATION v. RPOST HOLDINGS, INC., et al
Complaint