UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIS SCIENCES CORPORATION,<br>　　　　　　Plaintiff,<br>　　v.<br>RPOST COMMUNICATIONS LIMITED, et al.,<br>　　　　　　Defendants. | Case No.　14-cv-00376-VC<br><br>**ORDER**<br>Re: Dkt. No. 32 |

Plaintiff MIS Sciences Corp. ("MIS") seeks a declaratory judgment that several patents, owned by Defendants RPost Communications Limited, RPost Holdings, Inc., and RMail Limited (together, "RPost"), are invalid, and that MIS has not infringed these patents. On June 16, 2014, RPost moved to dismiss MIS's first amended complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The motion is denied as to Counts 1-12 of the complaint and granted as to Count 13.

**Counts 1-12**

With respect to the patents alleged in Counts 1-12, the pre-suit communications sent by RPost to MIS constitute sufficient "affirmative act[s] . . . related to the enforcement of [RPost's] patent rights" to establish an actual controversy. *See Assoc. for Molecular Pathology v. U.S. Patent & Trademark Office*, 689 F.3d 1303, 1318 (Fed. Cir. 2012). In a letter dated October 25, 2013, RPost accused MIS of infringing its patents. (Am. Compl. Ex. A, at 1). It provided a "preliminary summary analysis" comparing the claims of certain RPost patents—those upon which Counts 1-12 are based—with features of MIS products and services that, according to RPost, practice those claims. (*Id.* at 2-7). RPost advised MIS that "continued willful infringement of [RPost's] patents . . . may result in trebled damages of RPost's lost profits" and urged MIS to "consider the value of [its] use of RPost's patents, the adverse effects of having to remove the covered features from use, and [the] cost to compensate RPost for past damages." (*Id.* at 1.) Three months later, RPost followed up with an email bearing the subject "Final Letter – Cease &

1  Desist."  (Am. Compl. Ex. B, at 1).  The email stated: "We request that your client immediately
2  cease and desist from making/manufacturing, using, and/or offering for sale RPost's patented
3  technology.  We request that your client immediately cease and desist from all infringement,
4  whether direct or indirect, of RPost's patents." (*Id.*).  The email also stated: "We have noted for
5  our records that despite our courteous outreach to you . . ., you have refused to cease and desist
6  from your infringement . . . .  Your continued use of RPost technology without permission from
7  RPost is willful, and is causing RPost irreparable harm."  (*Id.*).  RPost's letter and email
8  demonstrate that it was ready and willing to enforce its patent rights.   They put MIS in the
9  position of having to choose whether to abandon the features identified by RPost or risk litigation.
10  "That is enough to establish subject matter jurisdiction." *Danisco U.S. Inc. v. Novozymes A/S*, 744
11  F.3d 1325, 1332 (Fed. Cir. 2014) (internal quotation marks and citation omitted); *see also*
12  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 129 (2007) ("[P]utting the challenger to the
13  choice between abandoning his rights or risking prosecution . . . is a dilemma that it was the very
14  purpose of the Declaratory Judgment Act to ameliorate." (internal quotation marks omitted)).
15         RPost contends that this Court lacks jurisdiction because, in its pre-suit communications, it
16  did not name any specific MIS products or services.  Therefore, RPost argues, there is no case or
17  controversy.  As an initial matter, although RPost did not identify any products by name, it did
18  specify that it was concerned with MIS's "electronic message/email marketing, campaign,
19  marketing automation, link tracking and message delivery/failure/opening reports." (Am. Compl.
20  Ex. A, at 1). In addition, as noted above, RPost sent MIS a chart describing the way in which, in
21  its view, specific features of MIS products infringe RPost patents (*see, e.g.*, *id.* at 2-7).   It is clear,
22  then, that the products at issue are those that contain these features. *Cf. Cold Spring Granite Co.*
23  *v. Matthews Int'l Corp.*, No. CIV. 10-4272 JRT/LIB, 2011 WL 4549407, at *2 (D. Minn. Sept. 29,
24  2011).  Indeed, the chart refers to "the above identified products/services," suggesting that RPost's
25  failure to specifically identify particular products and services by name was inadvertent.  (*See id.*).
26         In any event, as explained above, RPost repeatedly asserted that features of MIS products
27  infringe specific RPost patents, provided a detailed chart comparing these patents with MIS
28  features, and implicitly—but clearly—threatened to sue MIS based on these features.  This is

United States District Court
Northern District of California

2

sufficient to establish an actual controversy over which there is federal jurisdiction.  *See Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362 (Fed. Cir. 2009) (internal quotation marks, alterations, and emphasis omitted) ("[I]f a party has actually been charged with infringement of the patent, there is, necessarily, a case or controversy adequate to support declaratory judgment jurisdiction.").  *See SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007) ("[W]here a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise.").

It may be that, in some cases, a complaint that fails to identify specific products will not satisfy the pleading standards established by *Iqbal* and *Twombly*.  But RPost's motion is limited to the contention that the Court lacks subject matter jurisdiction—it did not bring a 12(b)(6) motion and has not argued that the amended complaint fails to state a claim.  Furthermore, RPost, in its communications with MIS, stated that it had analyzed MIS's products for infringement and indicated that it had—and had provided to MIS—sufficient information to determine whether, and in what way, MIS products infringed RPost patents.  (*See, e.g.*, Am. Compl. Ex. A, at 1 ("[W]e have performed our own analysis and believe that you are offering infringing products and services."); Am. Compl. Ex. B, at 1 ("We believe we have provided the detail needed for you to assess the infringement, with specificity.")).  At least with respect to Counts 1-12, then, it seems unlikely that RPost would be able to argue in good faith that the complaint does not put it on notice of which MIS products and services are at issue in this case.

**Count 13**

The only specific references to the patents upon which Count 13 is based are in a list of RPost patents appended to its communications.  RPost did not reference these patents in the body of its emails to MIS; nor did it include them in the claims analysis chart it sent to MIS; nor has MIS alleged that RPost took any other "affirmative act" to enforce these patents.  *See Assoc. for Molecular Pathology v. U.S. Patent & Trademark Office*, 689 F.3d 1303, 1318 (Fed. Cir. 2012).  MIS has not, therefore, sufficiently alleged a case or controversy to support federal jurisdiction over Count 13.

**Conclusion**

With respect to Counts 1-12, RPost's motion to dismiss is denied. It is granted, without prejudice, as to Count 13.

The hearing on the motion to dismiss is vacated, but the parties must nonetheless appear at the case management conference on July 24, 2014 at 10:00 a.m. to discuss whether this case should be stayed based on the reasoning set forth in the Court's stay order in *Trend Micro, Inc. v. RPost Holdings, Inc.*, No. 13-5227, Docket No. 79. If this case is stayed, MIS shall have 30 days from the date the stay is lifted to amend its complaint. If it is not stayed, any amended complaint shall be filed within thirty days of the date of this Order.

**IT IS SO ORDERED.**

Dated: July 22, 2014

_____
VINCE CHHABRIA
United States District Judge